**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**AUG 29 2017**

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNINE DEMOSS                                                    PLAINTIFF

v.                              Case No. _4:17-cv- 548 - BRW_

DOLGENCORP, LLC
d/b/a DOLLAR GENERAL        This case assigned to District Judge _Wilson_        DEFENDANT
                            and to Magistrate Judge _Ray_

## <u>NOTICE OF REMOVAL</u>

Dolgencorp, LLC d/b/a Dollar General ("Dollar General"), pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446, gives notice of the removal of the above-captioned case from the

Circuit Court of Saline County, Arkansas, to the United States District Court for the Eastern

District of Arkansas, Western Division.  In support of removal, Dollar General states:

1.      On July 17, 2017, Jennine Demoss filed an action in the Circuit Court of Saline

County, Arkansas, styled *Jennine Demoss v. Dolgencorp, LLC d/b/a Dollar General*, Circuit

Court of Saline County, Arkansas, Case No. 63CV-17-633-2.

2.      Ms. Demoss served the summons and complaint on Dollar General by certified

mail to its registered agent on August 1, 2017.

3.      Dollar General properly removes the case to this Court under 28 U.S.C. § 1441

because Dollar General has satisfied the procedural requirements for removal and this Court has

subject-matter jurisdiction under 28 U.S.C. § 1332(a).

**I.      Procedural Statement**

4.      Ms. Demoss effectuated service of the summons and complaint on Dollar General

on August 1, 2017.  Dollar General timely files this notice of removal within 30 days of service

pursuant to 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 354 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

5.    Pursuant to 28 U.S.C. § 1446(a), Dollar General attaches as Exhibit A a true and correct copy of all documents served on Dollar General in the state court action.

6.    As of yet, no proceedings have occurred in the Circuit Court of Saline County, Arkansas.  Dollar General has not filed a pleading or other document responsive to the complaint.

7.    Venue lies in the Eastern District of Arkansas under 28 U.S.C. § 1441(a) because this District includes Saline County, Arkansas, the place where this action is currently pending.

8.    Pursuant to 28 U.S.C. § 1446(d), Dollar General will promptly file a copy of this notice of removal in the Circuit Court of Saline County and give written notice of the removal of this action to Ms. Demoss's counsel.

## II.    Original Jurisdiction Based On Diversity Jurisdiction

9.    This Court has original jurisdiction because the case involves parties of completely diverse citizenship and an amount in controversy that exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

### A.    Complete Diversity

10.    At the time the complaint was filed, at the time of removal, and at all relevant times, Ms. Demoss was and is a citizen of the State of Arkansas.  Compl., ¶ 1.

11.    At the time the complaint was filed, at the time of removal, and at all relevant times, Dolgencorp, LLC was a Kentucky limited liability company with its principal place of business in Tennessee.  Dollar General Corporation is the sole member of Dolgencorp, LLC. Dollar General Corporation is a publicly traded Tennessee corporation, and its principal place of

business is also in Tennessee.  Dollar General Corporation is therefore a citizen of Tennessee.

28 U.S.C. § 1332(c)(1).  "An LLC's citizenship, for purposes of diversity jurisdiction, is the

citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346

(8th Cir. 2007).  Because Dollar General's sole member is a citizen of Tennessee, Dollar General

is a citizen of Tennessee for the purposes of diversity jurisdiction.

      12.     Because Ms. Demoss is a citizen of Arkansas and Dollar General is a foreign

citizen, the complete-diversity requirement for removal is met.  *See* 28 U.S.C. § 1332(a)(1);

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 88 (2005).

      **B.**    **Amount In Controversy**

      13.     In the Eighth Circuit, "the amount in controversy is measured by the value to the

plaintiff of the right sought to be enforced." *Federated Mut. Ins. Co. v. Moody Station &*

*Grocery*, 821 F.3d 973, 977 (2016).  The "Court has subject matter jurisdiction in a diversity

case where a factfinder could legally conclude, from the pleadings and proof provided to the

Court before trial, that the damages the plaintiff suffered are greater than $75,000." *Bourgeois v.*

*Vanderbilt*, 251 F.R.D. 368, 371 (W.D. Ark. 2008).

      14.     Before filing the complaint, Ms. Demoss sent a demand letter to Dollar General,

in which she alleged that, as of March 16, 2017, she had "incurred $71,411.82 in medical bills

and $3,272.53 in out of pocket expenses" "as a result of [the] accident" described in the

complaint.  These two amounts total $74,684.35 on their own.  In her complaint, Ms. Demoss

seeks recovery for "past and present medical care, treatment, services, expenses, and costs; lost

wages; past and present pain, suffering, and mental anguish; and future pain, and suffering."  It is

reasonable to conclude that the total value, as measured by Ms. Demoss, of any additional

medical care since March 16, 2017, lost wages, and pain and suffering—those being the

elements of damage for which Ms. Demoss seeks recovery in this matter but which she did not include in her demand letter—equal at least $315.65, the difference between the amount already demanded and the minimum amount required to satisfy the amount-in-controversy threshold of $75,000.

### III.   Conclusion

15.    Because this case involves complete diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, this Court has original subject-matter jurisdiction.  *See* 28 U.S.C. § 1332(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Dolgencorp, LLC d/b/a Dollar General removes the above-captioned case to this Court.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR  72201
(501) 379-1700


By: _____
     Everett C. Tucker IV (2006307)

*Attorneys for Dolgencorp, LLC*
*d/b/a Dollar General*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2017, a true and correct copy of the

foregoing was served *via* electronic and U.S. mail on the following:

> Glenn Mathis, Esq.
> Law Offices of Alan LeVar
> 702 Caddo Street
> Arkadelphia, AR  71923
> glenn@levarlaw.com

_____
Everett C. Tucker IV



LAW OFFICES OF
# ALAN LEVAR
INJURY LAWYERS

July 26, 2017

**CM/RRR: 70160750000064723332**
**Deliver to addressee only**

Dolgencorp, LLC d/b/a Dollar General
Corporation Service Company
300 Spring Bldg., Ste. 900
300 Spring St.
Little Rock, AR 72201

RE:   **Jennine Demoss v .Dolgencorp, LLC d/b/a Dollar General**
      Saline County Circuit No. 63CV-17-633-2

To Whom It May Concern:

Please find enclosed a Complaint with Summons attached which has been filed in Saline County
Circuit Court.   You are hereby advised that I am representing Jennine Demoss in connection with
the above referenced Complaint.

You will notice that the Summons directs you to answer or otherwise plead within thirty (30) days
or a judgment by default may be taken against you without further notice to you.   You are being
served pursuant to Rule 4 of the Arkansas Rules of Civil Procedure.

If you have any questions, please advise.   Please govern yourself accordingly.

Sincerely yours,

Glenn Mathis
GM/ag
Enclosures

**EXHIBIT**

A

702 Caddo Street, Arkadelphia, AR 71923   |   **T.** 870-246-7070   |   **F.** 870-345-4615   |   **E.** alan@levarlaw.com   |   **W.** www.levarlaw.com

**THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
CIVIL DIVISION**

**Jennine Demoss**
**Plaintiff**

v.                                    ℧3 cv-17-633-2

**Dolgencorp, LLC d/b/a Dollar General**
**Defendants**

**SUMMONS**

THE STATE OF ARKANSAS TO DEFENDANT:

Dolgencorp, LLC d/b/a Dollar General

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Glenn Mathis
Law Offices of Alan LeVar
702 Caddo St.
Arkadelphia, AR 71923

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

Myra Boro Sample

Saline County Circuit Clerk
200 N. Main, Rm. 113
Benton, AR 72315

By: _____, DC

Date: 7·17-17

[SEAL]



No. _____   This summons is for **Dolgencorp, LLC d/b/a Dollar General**.

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

Return filed this _____ day of _____, 20___.

_____, Circuit Clerk

By:_____ D.C.

FILED
SALINE COUNTY
CIRCUIT CLERK

2017 JUL 17 PM 1:30

BY:_____

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
## CIVIL DIVISION

**JENNINE DEMOSS**                                          **PLAINTIFF**

**VS.**                  Case No. ⌊73W-17-633-2

**DOLGENCORP, LLC d/b/a DOLLAR GENERAL**                **DEFENDANT**

## COMPLAINT

Comes the Plaintiff, Jennine Demoss, by and through her attorney, Glenn Mathis

with the Law Offices of Alan LeVar, and for her cause of action states as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff, Jeanine Demoss, (hereinafter referred to as "Plaintiff"), was at all

times relevant to this action, and still is, an individual residing in Saline County, Arkansas.

2.      Dolgencorp, LLC d/b/a Dollar General, (hereinafter referred to as "Defendant"),

is a for profit company doing business in the State of Arkansas, whose registered agent for

service is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street,

Little Rock, AR 72201.  The Defendant owns and operates Dollar General located on 3801

Benton Parkway in Benton, Saline County, Arkansas. The acts and events giving rise to this

action occurred within Saline County, Arkansas.

3.      This Court has jurisdiction over the parties and subject matter pursuant to this

Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction

granted by Ark. Code Ann. §16-13-201.

4.      Venue is proper in this Court based on the location of the incident giving rise to

this claim and/or the parties hereto.

Page 1 of 5/ Complaint/ *Demoss v. Dolgencorp*

## FACTS

5.    Plaintiff hereby incorporates paragraphs 1 through 4 herein by reference.

6.    That on or about September 27, 2015, Plaintiff traveled to Dollar General located in Benton, Saline County, Arkansas.

7.    At all times relevant hereto, Plaintiff was on Defendant's said business premises, lawfully, and rightfully, as a business invitee.

8.    At all times relevant hereto, Defendant controlled, maintained, operated and possessed the afore-mentioned business premises.

9.    As Plaintiff was in the store, she tripped and fell on an entrance mat that had been allowed to be rolled-up and was protruding from the floor near Dollar General entrance.

10.   Plaintiff fell hard upon the floor, causing injuries, resulting in pain and injuries to her body. Plaintiff was taken to the hospital, subsequently underwent medical treatment as a result of the fall and to date, the Plaintiff still suffers pain.

11.   By reason of the negligence of Defendant stated herein, Plaintiff had to be seen by medical physicians and other health service providers and has been required to incur expenses for medical care and treatment.

12.   By reason of the negligence of Defendant stated herein, Plaintiff suffered pain and suffering as a result of her injuries described herein.

13.   As a further direct and proximate result of the negligence of the Defendant and of Plaintiff's injuries, Plaintiff has incurred lost income.

14.   As a direct and proximate result of her injuries, Plaintiff suffered damages as set forth herein.

## COUNT I-NEGLIGENCE

15.     Plaintiff incorporates paragraphs 1 through 14 herein by reference.

16.     At all times relevant to this action, Defendant had a duty to Plaintiff as a business invitee to use ordinary care to maintain the premises in reasonably safe condition.

17.     Defendant knew or should have known that business invitees, including Plaintiff, would walk through the entrance area at issue while utilizing the premises, that the invitees would not be aware of the extent of the hazardous condition, and that customers would be forced to walk through that area while on the premises.

18.     Defendant owed a duty to business invitees, including Plaintiff, to anticipate the risk of harm to invitees and take precautions to guard against such harm. The Defendant breached this duty to Plaintiff.

19.     Defendant, by and through its authorized agents, employees, or representatives, breached this duty to Plaintiff by negligently failing to keep the floor free from dangerous conditions. This breach created an unsafe condition for business invitees such as Plaintiff. In the alternative, Defendant, or its authorized agents, employees, or representatives, breached the duty to the Plaintiff by allowing a rolled-up and protruding entrance mat to remain on the floor, causing an unsafe condition, for such an amount of time that Defendants knew or should have known of its presence, and failed to remove or address the dangerous situation.

20.     Defendant breached its duty to use ordinary care to maintain and inspect the premised in a reasonably safe condition for Plaintiff, who was a business invitee to which Defendant owed the highest degree of care

21.     Defendant carelessly and negligently allowed the hazardous condition to be on the relevant floor area creating an unsafe condition of the premises controlled, maintained and operated by it, and allowed such substance to remain upon the area of such premises for such a

Page 3 of 5/ Complaint/ *Demoss v. Dolgencorp*

length of time, that Defendant knew or reasonably should have known of its presence, and failed to use ordinary care to remove or address it.

22.     Defendant carelessly and negligently failed to use ordinary care to maintain the premises in a reasonably safe condition.

23.     Defendant carelessly and negligently failed to warn its business invitees, and more particularly the Plaintiff, of the presence of the dangerous object on the floor in the premises controlled, maintained, and operated by it, and knew or reasonably should have known that failure to warn the Plaintiff of the hazardous condition would result in injury and damages.

24.     As a direct and proximate result of Defendant's acts, or failures to act, as set forth herein, Plaintiff suffered damages as stated in the Prayer for Relief.

### PRAYER FOR RFLIEF

25.     Plaintiff hereby incorporates paragraphs 1 through 24 herein by reference.

26.     Taking into account the nature, extent, duration, and permanency of her injuries as a direct and proximate result of the Defendant's conduct, Plaintiff is entitled to the following damages:

       a.  Past and present medical care, treatment, services, expenses, and costs;

       b.  Lost wages;

       c.  Past and present pain, suffering, and mental anguish; and

       d.  Future pain, and suffering.

27.     Plaintiff respectfully requests the cost of litigating this case.

28.     Plaintiff requests a trial by jury.

29.     Plaintiff reserves the right to plead further in this matter, to amend the Complaint, and file additional pleadings, as allowed by the Arkansas Rules of Civil Procedure.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant her judgment against Defendant, Dolgencorp, LLC, d/b/a Dollar General, for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled.

Respectfully submitted,

Law Offices of Alan LeVar
702 Caddo Street
Arkadelphia, AR  71923
Tel:(870) 246-7070
Fax: (870)345-4579
E-mail: glenn@levarlaw.com

By: _____

Glenn Mathis, Bar No. 2015122



LAW OFFICES OF
# ALAN LEVAR
INJURY LAWYERS

702 Caddo Street, Arkadelphia, AR 71923

CERTIFIED MAIL®

7016 0750 0000 6472 3332





UNITED STATES POSTAGE
$ 011.720

02 1P
0001915330   JUL 26 2017
MAILED FROM ZIP CODE 71923

PITNEY BOWES

Dolgencorp, LLC d/b/a Dollar General
Corporation Service Company
300 Spring Bldg., Ste. 900
300 Spring St.
Little Rock, AR 72201